<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARKO BEY, | : | |
| | : | |
| Petitioner, | : | Civil Action No.: 00-1155 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RON CATHEL, Administrator, New Jersey State Prison, and PETER C. HARVEY, Attorney General, State of New Jersey, | : : : : | |
| | : | |
| Respondents. | : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

   This matter comes before this Court on Petitioner's motion seeking partial reconsideration of this Court's September 30, 2003 order, which was entered October 1, 2003. In that order and the October 8, 2003 opinion issued in conjunction with the order, this Court denied Petitioner's motion for an evidentiary hearing and granted in part and denied in part Petitioner's request to expand the record, pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, this Court will deny the motion for reconsideration.

   On June 28, 2002, Petitioner filed a motion for evidentiary hearing or, in the alternative, to expand the record. Petitioner raised seven factual issues that he claimed he was unable to develop fully in the state courts, including a <u>Batson v. Kentucky</u>, 476 U.S 79 (1986) challenge in

connection with his 1990 penalty re-trial.[1]  In the September 30, 2003 order, this Court denied Petitioner's motion for an evidentiary hearing on all seven issues.  This Court also denied the motion to admit the Certifications of Del Long[2] and Timothy Gorny[3] into the record, both of which Petitioner sought to have admitted in connection with his Batson challenge.  Furthermore, this Court denied Petitioner's motion to admit the portions of the Certification of Paul Allison concerning statistical analysis of Petitioner's Batson challenge, but granted Petitioner's motion to admit the portions of the Certification of Paul Allison concerning statistical analysis of death eligible cases in Monmouth County.  Finally, this Court further expanded the record by admitting the report of pathologist Dr. Karl Schwarz, submitted in connection with Petitioner's Gerald claim.

As of July 5, 2005, briefing on Petitioner's Motion in Support of Habeas Corpus was completed.  Subsequently, on November 23, 2005, more than two full years after the September

---

[1] The other six factual issues raised by Petitioner, which are not relevant for purposes of the current motion to reconsider, included defense counsel's failure to present mitigating evidence of Petitioner's father's mental condition, Petitioner's mother's background, and expert testimony regarding the effects of Petitioner's long-term alcoholism; retrial counsel's failure to establish fully the basis of a State v. Gerald claim; trial court's interference with presentation of mitigating evidence through prohibition of leading questions; and prosecutorial discrimination in selecting cases for capital prosecution.

[2] In his Certification, Del Long states that he is an investigator assigned to the Cape May trial region of the Office of the Public Defender.  (Long Cert. ¶ 1.)  He further states that in November 2000, he visited Ms. Irene Alston, one of the venirepersons excused at Mr. Bey's 1984 trial by the prosecutor, and found that she is a black woman.  (Id. at ¶¶ 2-3.)

[3] Timothy Gorny states in his Certification that in 1984 he was an Assistant Public Defender in Atlantic County.  (Gorny Cert. ¶ 2.)  He further states that he attended Mr. Bey's 1984 trial for his own edification (id. at ¶ 3) and closely observed the jury's reaction to the presentation of evidence.  (Id. at ¶ 4).  As such, he states that he was able to discern that every juror and alternate juror was white.  (Id.)

30, 2003 order was entered, Petitioner filed a Motion for Reconsideration of Order Partially Denying Motions for Evidentiary Hearing and to Expand the Record.  Specifically, Petitioner asked this Court to reconsider its denial of Petitioner's motion to expand the record in connection with the Batson challenge.  On December 5, 2005, the Respondents filed their opposition to the motion for reconsideration, but failed to assert the untimeliness of Petitioner's motion for reconsideration.

Under FED. R. CIV. P. 59(e), a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Similarly, L. CIV. R. 7.1(i) provides that a "motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge."

This Court's September 30, 2003 order denying in part and granting in part the Petitioner's motion for an evidentiary hearing and to expand the record was entered on October 1, 2003.  As such, the deadline for filing a motion for reconsideration expired on October 16, 2003.  Petitioner's Motion for Reconsideration, filed on November 23, 2005, was filed well after the ten day time limit provided by both FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i).  Accordingly, this Court denies the motion for reconsideration on the basis of untimeliness.

Even if Petitioner's Motion for Reconsideration had been filed in a timely manner, this Court would deny the motion on the merits.  A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly."  P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352-53 (D.N.J. 2001) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).  According to the Third Circuit, "[t]he purpose of a motion for reconsideration is

to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citation omitted).

Furthermore, for a court to grant a motion for reconsideration, a moving party must show either: "(1) an intervening change in the controlling law; (2) the existence of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or to prevent manifest injustice." North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d at 353; Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

Petitioner cannot meet the demanding burden necessary to grant a motion for reconsideration. Petitioner does not assert either an intervening change in controlling law or the existence of new evidence that was previously unavailable. Rather, Petitioner relies on the third ground utilized by the Third Circuit, "the need to correct a clear error of law or to prevent manifest injustice." North River Ins. Co., 52 F.3d at 218. Petitioner maintains that this Court misunderstood the factual basis of his Batson challenge in its analysis of the 1984 guilt-phase trial. Petitioner asserts that in his underlying motion he sought to admit evidence in connection with the 1984 trial simply to establish a pattern of discriminatory peremptory strikes leading up to the 1990 penalty phase re-trial, where Sylvester Larkins, the only African-American

4

venireperson to qualify, was peremptorily struck by the prosecutor.

In the October 8, 2003 opinion, this Court determined that because Petitioner had not raised the 1984 Batson issue in the state court he was at fault for failing to develop the factual basis in the state court and did not meet the demanding standards of 28 U.S.C. § 2254(e)(2) (2000). However, even if this Court misunderstood Petitioner's argument, this Court's current inquiry on the motion to reconsider does not end there. Petitioner must still assert that if his motion to expand the record on his Batson challenge were reconsidered by this Court, the result reached "might reasonably have [been] altered." G-69 v. Degnan, 748 F. Supp. at 275. Petitioner is unable to satisfy this standard.

If this Court were to reconsider Petitioner's motion to expand the record on his Batson challenge, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, would apply to his case, see Lindh v. Murphy, 521 U.S. 320, 326-327 (1997), and its exacting standards would ultimately preclude the grant of an evidentiary hearing. The section of AEDPA that controls motions for evidentiary hearings in the context of petitions for habeas corpus is 28 U.S.C. § 2254(e)(2). This section "limit[s] the availability of new evidentiary hearings on habeas review." Cristin v. Brennan, 281 F.3d 404, 413 (3d Cir. 2002) (citing Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000)). Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A) the claim relies on–
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder

would have found the applicant guilty of the underlying offense.

Thus, "[s]ection 2254(e)(2) begins with a conditional clause . . . which directs attention to the prisoner's efforts in state court." Williams v. Taylor, 529 U.S. 420, 431 (2000). It is a prisoner's failure to "develop the factual basis of a claim in State court proceedings" that triggers the applicability of 2254(e)(2)'s heightened standard in obtaining an evidentiary hearing. Id. at 430.

Consequently, in analyzing a motion for an evidentiary hearing, a district court must initially consider "whether the factual basis was indeed developed in state court, a question susceptible, in the normal course, of a simple yes or no answer." Id. at 431. If the answer is yes and the petitioner has developed the factual basis of the claim in state court, AEDPA, contrary to prior law,[4] requires federal courts to defer to state court findings of fact. 28 U.S.C. § 2254(e)(1).[5] Importantly, an implicit state court factual determination is "tantamount to an express one, such that deference is due to either determination." Campbell, 209 F.3d at 285-86 (citations omitted).

However, where the answer is no, the district court must then determine whether it was the petitioner who failed to develop the factual basis of his claim in the state courts. Williams, 529 U.S. at 431-32; Cristin, 281 F.3d at 415. In Williams, the Supreme Court stated that the language "'failed to develop' implies some lack of diligence" on petitioner's part. 529 U.S. at

---

[4] In his original motion for an evidentiary hearing, Petitioner argued that pre-AEDPA law applied to his claims.

[5] In particular, 28 U.S.C. § 2254(e)(1) provides:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

6

430. If a petitioner was not diligent in developing the record, "[h]e is, as a consequence, at fault and bears responsibility for the failure." Id. at 432. The inquiry, according to the Supreme Court, is not "whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts. The purpose of the fault component of 'failed' is to ensure the prisoner undertakes his own diligent search for evidence." Id. at 435. If the petitioner has not neglected his duty to develop the state court record, but rather "has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude [him from obtaining] an evidentiary hearing in federal court." Campbell, 209 F.3d at 287 (citation omitted).

If the petitioner has "failed to develop" the factual record, the habeas court must then determine if petitioner satisfies the heightened standard of §§ 2254(e)(2)(A) and (B). Subsection (e)(2)(A) provides a petitioner the "opportunity to obtain an evidentiary hearing where the legal or factual basis of the claims did not exist at the time of state-court proceedings." Williams, 529 U.S. at 436. Though a petitioner must be diligent in his attempt to develop the state court record, § 2254(e)(2)(A)(ii) does not preclude the grant of an evidentiary hearing where "the facts could not have been discovered, whether there was diligence or not." Id. at 435. In this way, "§ 2254(e)(2)(A)(ii) bears a close resemblance to (e)(2)(A)(i), which applies to a new rule that was not available at the time of the earlier proceedings." Id. If, under § 2254(e)(2)(A), the Petitioner is able to establish that his claim relies on a new rule of law or previously unavailable factual scenario, he must then also establish a "convincing claim of innocence" under § 2254(e)(2)(B) to obtain an evidentiary hearing. Id.

Here, the Petitioner argues that he actually developed the factual basis of his Batson claim on direct appeal and was thereby not in procedural default. (Pet.'s Memo of Law at 6).

7

Petitioner fails to recognize that if this were true, his motion for an evidentiary hearing would be barred by this Court's deference to the state court's adverse factual findings under § 2254(e)(1). Furthermore, if the state courts made a finding of fact to which the district court must defer on habeas review, "then a new evidentiary hearing . . . would be forbidden under the precepts of § 2254(e)(2) and case law interpreting it, because there would be no factual deficiency that a federal habeas court could redress." Campbell, 209 F.3d at 287.

In the instant case, in analyzing Petitioner's Batson claim, the Supreme Court of New Jersey found that Petitioner had "failed to make a *prima facie* showing that the prosecutor exercised his peremptory challenges unconstitutionally." State v. Bey, 610 A.2d 814, 827-828.

It was in this Court that Petitioner for the first time asserted that his Batson claim was based not only on the prosecutor's peremptory strike of Sylvester Larkins, the only African-American venireperson to qualify for jury service at Petitioner's 1990 penalty phase re-trial, but also on a discriminatory pattern of strikes beginning with Petitioner's initial 1984 trial. Since this claim was not raised on direct appeal, no factual record supporting it was developed in the state court. Therefore, this Court is unpersuaded by Petitioner's claim and instead finds that Petitioner "failed to develop the factual basis" of his current Batson claim in the state court proceedings.

Accordingly, in order to conduct an evidentiary hearing, Petitioner must meet the stringent requirements of §§ 2254(e)(2)(A) and (B). Petitioner directly appealed his case to the New Jersey Supreme Court in 1995, nine years after Batson was decided. Thus, Petitioner is unable to assert that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2254(e)(2)(A)(i). Furthermore,

8

Petitioner has been represented consistently by the Monmouth County Public Defender's Office and is unable to claim that through the exercise of due diligence he was unable to discover previously that he was tried by an all white jury in his 1984 trial. See 28 U.S.C. § 2254(e)(2)(A)(ii).

Because Petitioner is unable to satisfy the heightened standards of § 2254(e)(2)(A), this Court need not reach the question of whether Petitioner can establish a "convincing claim of innocence" under § 2254(e)(2)(B). Williams, 529 U.S. at 435. Petitioner's own failure to establish the basis of his current Batson challenge in state court precludes him from obtaining an evidentiary hearing in this Court, even if he had filed his petition for reconsideration in a timely manner. Thus, Petitioner fails to establish that "the matters or decisions [which Petitioner claims were] overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69, 748 F. Supp. at 275 (citation omitted).

## CONCLUSION

Petitioner's Motion for Reconsideration is denied on the basis of untimeliness. Even if the Motion were not untimely, this Court would deny Petitioner's motion on the basis that the result of this Court's reconsideration would not reasonably alter the initial result.

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 8, 2006